NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**FINJAN, INC.,**
*Plaintiff-Appellant*

**v.**

**JUNIPER NETWORKS, INC.,**
*Defendant-Appellee*

---

2019-1837

---

Appeal from the United States District Court for the Northern District of California in No. 3:17-cv-05659-WHA, Judge William H. Alsup.

---

Decided:  October 20, 2020

---

JUANITA ROSE BROOKS, Fish & Richardson, San Diego, CA, argued for plaintiff-appellant.  Also represented by FRANCIS J. ALBERT, OLIVER RICHARDS; ROBERT COURTNEY, Minneapolis, MN; LISA KOBIALKA, HANNAH YUNKYUNG LEE, Kramer Levin Naftalis & Frankel LLP, Menlo Park, CA.

JONATHAN STUART KAGAN, Irell & Manella LLP, Los Angeles, CA, for defendant-appellee.

————————————

Before PROST, *Chief Judge*, WALLACH and STOLL, *Circuit Judges.*

PROST, *Chief Judge.*

Finjan, Inc. ("Finjan") appeals from an order issued by the United States District Court for the Northern District of California ("Unsealing Order") amid patent-infringement litigation between Finjan and Juniper Networks, Inc. ("Juniper"). That order provides for unsealing a *Daubert*-related order ("*Daubert* Order") and states in full:

> The order on the *Daubert* motions, filed under seal today, shall remain under seal for two weeks, during which one or more parties may seek appellate review of this order to obtain redactions. Thereafter, absent order from the United States Court of Appeals for the Federal Circuit, the order on the *Daubert* motions will be filed on the public docket by December 17 at noon.

J.A. 1 (emphasis omitted). The district court stayed unsealing of the *Daubert* Order pending this appeal. J.A. 14.

Finjan asks us to reverse the Unsealing Order and issue an order of our own "granting limited redactions of eight lines" of the *Daubert* Order that Finjan asserts disclose confidential licensing terms discussed between Finjan and third-party licensees. Appellant's Br. 4. Juniper does not oppose. We have jurisdiction under the collateral order doctrine. *See Uniloc 2017 LLC v. Apple, Inc.*, 964 F.3d 1351, 1357–58 (Fed. Cir. 2020); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1220 (Fed. Cir. 2013).

## DISCUSSION

"Where, as here, an appeal does not involve substantive issues of patent law, we apply the law of the regional circuit in which the district court sits." *Apple*, 727 F.3d

at 1220.  Courts in the Ninth Circuit "must conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret."  *Id.* at 1221 (citing *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  In *Uniloc*, for example, we vacated and remanded a portion of an order that "failed to make findings sufficient to allow us to adequately assess whether [the district court] properly balanced the public's right of access against the interests of the third parties in shielding their financial and licensing information from public view."  964 F.3d at 1364.  We do the same here.  The district court did not perform the required analysis.  That analysis is not for us to undertake in the first instance.  Therefore, we vacate the Unsealing Order and remand for the district court to "make particularized determinations as to whether and, if so, to what extent" the third-party licensing information raised by Finjan should be made public.[1]  *Id.*

## CONCLUSION

For the above reasons, the appealed order is vacated and the case is remanded for further proceedings consistent with this opinion.

**VACATED AND REMANDED**

### COSTS

No costs.

---

[1]    Our mere vacatur of the Unsealing Order will not have the effect of unsealing the currently sealed *Daubert* Order.